UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DALAWRENCE RAINES,                    §
                                      §
        Plaintiff,                    §
VS.                                   §       CIVIL ACTION NO. 2:14-CV-69
                                      §
C. MONROE, *et al*,                   §
                                      §
        Defendants.                   §

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION
AND VACATING ORDER OF DISMISSAL**

Pending are Plaintiff's motions to reconsider the voluntary dismissal of his case.

(*See* D.E. 21, 22).  For the reasons stated herein, Plaintiff's motions are granted and the

April 22, 2014 Order granting Plaintiff's motion to dismiss (D.E. 17) is vacated.

**I.      Jurisdiction.**

The Court has federal question jurisdiction.  28 U.S.C. § 1331.

**II.     Procedural background.**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal

Institutions Division ("TDCJ-CID"), and is currently confined at the McConnell Unit in

Beeville, Texas.  On March 5, 2014, Plaintiff filed his original complaint challenging as

unconstitutional a prison disciplinary conviction.  (*See* D.E. 1).  He named the following

McConnell Unit officers and officials as defendants: (1) Warden C. Monroe; (2) Officer

F. Colver; (3) Officer N. Saenz; (4) Captain Rodriguez; and (5) J. Garcia, Grievance

Investigator.  *Id.* at 3.

On April 14, 2014, Plaintiff filed a supplement to his complaint.  (D.E. 10).

On April 21, 2014, Plaintiff was granted leave to proceed *in forma pauperis* ("i.f.p."), paying the entire filing fee over time.  (D.E. 15).  On that same date, the Clerk's Office received a letter-motion from Plaintiff that stated:

> To Whom It May Concern: My Name is Mr. Dalawrence Raines, TDCJ #1499674.  I am currently incarcerated at the McConnell Unit of the Texas Department of Criminal Justice. I am writing to you in regards to I would like to dismiss § 1983.

(D.E. 16).

The Court construed Plaintiff's letter-motion as a motion for voluntary dismissal and on April 22, 2014, the Court dismissed Plaintiff's claims without prejudice and vacated the i.f.p. collection order.  (D.E. 17).  Final judgment was not entered.

On April 23, 2014, Plaintiff filed a letter with the Court alleging that he was "having problems" because his property had been stolen by Sergeant Wasawkey, and that such property included Step 1 and Step 2 grievances relevant to his lawsuit.  (D.E. 18).

On May 2, 2014, Plaintiff filed a letter-motion for reconsideration of the Order dismissing his claims.  (D.E. 21).  Plaintiff related that he had not intended to dismiss his lawsuit and instead, that he had wanted to name as an additional defendant the TDCJ Director, William Stephens, for injunctive relief.  *Id.*

On May 15, 2014, Plaintiff filed a second letter-motion for reconsideration.  (D.E. 22).  Plaintiff states therein: ". . . I do not want the Court to dismiss my lawsuit . . . ."  He continues with additional information about the challenged disciplinary hearing, and also

relates that he believes his life is in danger and that he intends to file a life in danger complaint so that an Offender Protection Investigation ("OPI") will be instigated.

## III. Discussion.

Rule 41(a) of the Federal Rules of Civil Procedure authorizes a plaintiff to voluntarily dismiss an action or claims prior to service. Fed. R. Civ. P. 41(a).   In this case, Plaintiff has caused confusion by filing ***letters*** with the Court that purport to seek relief of some kind.  These letters have been construed as motions.

In his latest letter-motion, Plaintiff requests that the dismissal order be set aside and that his case go forward.[1]  Because Plaintiff did not intend to dismiss his lawsuit, and because no defendants were served and there is no delay or prejudice to any party, the Court finds that Plaintiff's case should be reinstated.  Accordingly, Plaintiff's motions for reconsideration (D.E. 21, 22) are GRANTED, and the Order granting Plaintiff's motion to dismiss (D.E. 17) is VACATED.  The Initial Partial Filing Fee and Collection Order (D.E. 15) is REINSTATED.

DIRECTIVE TO PLAINTIFF:  Plaintiff is advised that his current case concerns a July 1, 2013 disciplinary hearing and his claims against six defendants.  Plaintiff shall not file letters with this Court, and he shall refrain from filing further pleadings until or after a *Spears* hearing has been conducted and/or Defendants have been served.  Pleadings will

---

[1]  Plaintiff is seeking reconsideration of the order granting his voluntary motion to dismiss. There is no "motion to reconsider" in the Federal Rules of Civil Procedure.  The Fifth Circuit typically interprets motions to reconsider dispositive pretrial orders as analogous to Rule 60(b) motions for relief from judgment or Rule 59(e) motions to alter or amend the judgment depending on whether the motion is filed within twenty-eight days of the order's issuance.  *See e.g. Days v. Johnson*, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam);  *Bass v. Department of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000);  *Fletcher v. Apfel*, 210 F.3d 510, 511 (5th Cir. 2000).

be labeled as "motions" or "notices," and Plaintiff will not file discovery with the Court.

The Clerk of the Court is instructed to send Plaintiff a copy of the local rules.

ORDERED this 21st day of May, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE