UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DALAWRENCE RAINES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-69 |
| | § | |
| C. MONROE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS ACTION**

This case was filed as a civil rights action by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act,  Pub. L. No.  104-134, 110  Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.   Plaintiff's action is subject to screening whether he prepays the entire filing fee or proceeds as a pauper.  *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999).  Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be

accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claims against the named Defendants be dismissed for failure to state cognizable § 1983 claims and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).   To the extent Plaintiff is attempting to challenge his loss of good time credits and/or the unfavorable change to his inmate classification, those claims should be dismissed without prejudice to Plaintiff raising those claims a habeas corpus proceeding.

## I.      JURISDICTION.

Plaintiff alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331.   This case has been referred to the undersigned United States Magistrate Judge for pretrial management and furnishing the District Court with a memorandum and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636(b) and Special Order C-2013-01.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and he is currently incarcerated at the McConnell Unit in Beeville, Texas.   He filed this lawsuit on March 5, 2014, challenging as unconstitutional a July 1, 2013 prison disciplinary hearing.  (*See* D.E. 1).

On May 22, 2014, Plaintiff filed a more detailed and accurate description of his claims under a separate case number, Case No. 2:14-cv-188.  That case was consolidated

under the instant action.  (D.E. 25).  However, for purposes of setting forth the details of Plaintiff's claims, reference will be made to the complaint filed in Case No. 2:14-cv-188, as well as to his filings under this cause number and his testimony at the June 17, 2014 *Spears* hearing.[1]    Plaintiff is suing the TDCJ-CID Director William Stephens in his official capacity only for injunctive relief. He is suing the following McConnell Unit officers and/or officials in their individual capacities for monetary damages: (1) Counsel Substitute A. Saenz; (2) Officer F. Colver; (3) Captain B. Rodriguez; (4) Major E. Castro; (5) Grievance Investigator J. Garcia; and (6) Warden C. Monroe.    The following allegations were made in Plaintiff's original complaint filed in Case No. 2:14-cv-188, or at the evidentiary hearing, and are set forth from his perspective:

On June 25, 2013, Officer Colver filed a major case against Plaintiff, Disciplinary Case No. 20130303095, alleging that Plaintiff had refused to obey an order to move to a new housing assignment.  On June 27, 2013, Counsel Substitute ("CS") A. Saenz notified Plaintiff of the charges against him for refusing to obey an order to move.  Plaintiff told CS Saenz that he wanted to attend the disciplinary hearing.  Plaintiff alleges that CS Saenz falsified the disciplinary hearing notification record and indicated that Plaintiff did not wish to attend the hearing.

A disciplinary hearing was held on July 1, 2013, and Captain Rodriguez presided as the Disciplinary Hearing Officer ("DHO").  Plaintiff did not attend the hearing, but instead, he was represented by a different counsel substitute, CS Bryant.  CS Bryant read a written statement into the record in which Plaintiff denied that he had received

---

[1] *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

notification about moving and also denied that he refused an order to move. On July 4, 2013, Plaintiff learned that DHO Rodriguez had found him guilty of the offense. As punishment, Plaintiff lost 30 days of earned good time credit, and his inmate classification was reduced from L-1 to L-2.[2]  In addition, Plaintiff lost 30 days of commissary, recreation, and visitation privileges.

Plaintiff filed a Step 1 grievance challenging the disciplinary conviction. According to Plaintiff, grievance investigator J. Garcia failed to investigate the case properly and Warden Monroe simply denied Plaintiff's Step 1 grievance without appropriate review. Plaintiff relates that Major Castro and Warden Monroe are racists and refused to investigate his claims properly. Plaintiff filed a Step 2 appeal of his grievance, and it was denied at the regional level. (*See* Case No. 2:14-cv-188, D.E. 1, pp. 8-9).

## III.    DISCUSSION.

### A.    Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Biliski*

---

[2]  Plaintiff explained that the change in his inmate classification negatively affects his eligibility to be released on parole.

*v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

    **B.**    **Analysis.**

        **(1)**    **Section 1983 damages are not available until disciplinary conviction has been set aside or vacated.**

Plaintiff is challenging a prison disciplinary hearing in which he lost 30 days earned good time credits, and the rate at which he earns good time credits has been affected adversely.  He seeks damages against Defendants for allegedly violating his due process rights concerning the disciplinary hearing.

In *Preiser v. Rodriguez*, the Supreme Court addressed the distinction between prisoner constitutional claims arising under 42 U.S.C. § 1983, and those arising under 28 U.S.C. § 2254, and set forth the undisputed proposition that a state prisoner may not use § 1983 "to challeng[e] his underlying conviction and sentence on federal constitutional grounds." *Id.*, 411 U.S. 475, 489 (1973).  The Court continued that "immediate release from [physical] confinement or the shortening of its duration" also cannot be brought under § 1983." *Id.*

Thereafter, in *Heck v. Humphrey*, the Court addressed § 1983 actions seeking damages based on claims of unconstitutional confinement, and concluded that a complaint must be dismissed where "a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction or sentence." *Id.*, 512 U.S. 477, 486-87 (1994).  More recently, in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court found cognizable under § 1983 a claim challenging the state procedures used to deny parole eligibility and parole suitability, because "success would not necessarily spell immediate or speedier release for the prisoner."  *Wilkinson*, 544 U.S. at 82.  The Court explained that, " ... a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.*, at 81-82.

The Supreme Court reversed the Fifth Circuit and held that a Texas state prisoner could challenge the state's denial of DNA testing in a § 1983 action because he was challenging the state's collateral review procedures themselves as in violation of due process, and judgment in his favor would not necessarily result in his speedier release. *Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1298-99 (2011).

 In the instant action, despite Plaintiff's characterization of his claims as arising under § 1983, his allegations are premised on his claim that he was wrongfully found guilty of a disciplinary offense.  Indeed, were he to prevail on his claims, he would necessarily be entitled to a speedier release because his 30 days good time would be restored and he would regain his more favorable time-earning classification. Thus, Plaintiff's claims are not cognizable under § 1983 at this time and must be raised, if at all, in a federal habeas corpus action.  *Preiser*, 411 U.S. at 489.

**(2)     Loss of privileges does not raise due process concerns.**

In addition to his habeas claims, Plaintiff complains of the other punishments he received as a result of the allegedly unconstitutional disciplinary hearing.  However, the temporary loss of recreation, commissary, and visitation privileges does not present an issue of constitutional magnitude.  *See Sandin v. Conner,* 515 U.S. 472, 486 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").  Temporary restrictions, such as those imposed on Plaintiff, do not represent atypical and significant hardships in relation to the ordinary incidents of prison life.  *See Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (finding that cell restrictions and loss of commissary privileges are merely changes in the conditions of confinement and do not implicate due process protections); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest).  Thus, even were Plaintiff to prevail in a habeas action, he would not be entitled to damages against Defendants for loss of commissary, recreation, or visitation privileges.  *See also* 42 U.S.C. § 1997e(e) (prohibiting claims for mental or emotional injuries absent prior physical injury).

**(3)     No claims for failure to investigate.**

Plaintiff contends that Defendants failed to investigate his defenses to the disciplinary charges against him and denied his Step 1 and Step 2 grievances without proper investigation.  However, even if true, these allegations fail to state cognizable constitutional claims.  *See Jones v. North Carolina Prisoners' Labor Union,* 433 U.S.

119, 138 (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor).

## IV.   RECOMMENDATION.

Plaintiff has failed to state a claim upon which relief can be granted under § 1983. To the extent he lost good time credits, that claim necessarily concerns the duration of his sentence and can be challenged, if at all, in a habeas corpus proceeding.  To the extent he seeks damages from the Defendants for perceived constitutional violations within the disciplinary proceeding, those claims are not cognizable unless and until Plaintiff can demonstrate that he was wrongfully found guilty and has had the disciplinary proceeding set aside.  Because Plaintiff has failed to state cognizable constitutional claims against Defendants, it is recommended that those claims be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  To the extent Plaintiff has attempted to raise habeas corpus claims, it is respectfully recommended that those claims be dismissed without prejudice.

Respectfully submitted this 11th day of July, 2014.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).