UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DALAWRENCE RAINES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-69 |
| | § | |
| C. MONROE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM
AND RECOMMENDATION TO DISMISS ACTION**

Pending before the Court are Plaintiff Dalawrence Raines' claims in consolidated actions Nos. 2:14-cv-00069 and 2:14-cv-00188, as explained in his complaints and in the Spears hearing held on June 17, 2014. On July 11, 2014, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (D.E. 32), recommending that Plaintiff's action be dismissed. Plaintiff timely filed his objections (D.E. 33, 34) on July 18, 2014 and July 23, 2014.

Plaintiff first objects to the consolidation of his actions. He fought the consolidation, seeking instead to dismiss 2:14-cv-00069 and proceed only under 2:14-cv-00188. In his objections, he admits that the two actions concern the same events and the same claims. Because the consolidation of the actions preserves all of his claims and is nothing more than an administrative measure to increase court efficiency, it does not prejudice his claims. While the consolidated case bears the first filed case number, it includes all of the claims and materials set out in the second case. His first objection is OVERRULED.

Second, Plaintiff objects to the finding that he failed to state a claim and he restates his allegations regarding the conduct of the Defendants. Plaintiff fails to appreciate the distinction between "making a claim" and "making a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983." The Magistrate Judge understood how Plaintiff believes he was wronged, but recommends dismissal because the complaints cannot be remedied under § 1983 of the Civil Rights Act.

Plaintiff's allegations can be categorized as follows:

A. He was denied due process in the disciplinary proceeding because he was tricked into not appearing in his own defense, the charges were falsified, his counsel substitute was ineffective, and witnesses were available to exonerate him but were not included in any investigation or proceeding;

B. He was denied due process because his resulting grievances were perfunctorily denied without proper investigation;

C. He lost commissary, recreation, and visitation privileges, and his line class status was reduced; and

D. He lost liberty rights with respect to good time credits.

In the context of disciplinary proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolf v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Thus the Court does not evaluate the process afforded to the prisoner unless the sanction

imposed rises to a constitutional level. Therefore, this Court will not address Plaintiff's allegations set forth in A above unless the Court finds the sanctions imposed implicate constitutional rights.

The handling of a grievance is not subject to federal review because a grievance system is not constitutionally mandated. *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, C.J., concurring); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Therefore, this Court will not address Plaintiff's allegation set forth in B above.

It is well-settled that the loss of a privilege does not implicate a constitutionally protected liberty interest because it generally does not exceed the typical deprivations of incarceration. *Sandin,* 515 U.S. at 486; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (commissary); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (visitation); *Martin v. Scott*, 156 F.3d 578, 579-80 & n.1 (5th Cir. 1998) (*per curiam*) (visitation, recreation, commissary); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) (distinguishing line class or time-earning status from already earned good time credits, and holding that time-earning status is not a constitutionally protected liberty interest); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (same). Therefore, Plaintiff fails to state a claim regarding the loss of privileges and the reduction in his line class status.

The loss of earned good time credits is a matter of constitutional proportions in that revocation of such credits has been held to constitute a denial of a liberty interest. *Madison,* 104 F.3d at 768. However, the Magistrate Judge correctly observed that Plaintiff's claim for damages based upon the denial of good time credits is not available

under § 1983 because the claim concerns the *duration* of his confinement and must be raised in a federal habeas corpus action under 28 U.S.C. § 2254. Because Plaintiff fails to state a claim under § 1983, his second objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's § 1983 complaints in this consolidated action are **DISMISSED WITH PREJUDICE;** Plaintiff's complaints, to the extent that they are appropriate as habeas corpus claims under 28 U.S.C. § 2254, are **DISMISSED WITHOUT PREJUDICE**.

ORDERED this 19th day of August, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE